NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| JAVIER OTERO, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 05-516-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| DONALD L. STINE, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

Javier Otero, an individual currently in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated in the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the district court filing fee. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## CLAIMS AND ALLEGATIONS

The Petitioner's initiating documents were a completed petition form commonly used by prisoners and an accompanying self-styled motion to credit all of his concurrent state sentence to his federal sentence [Record Nos. 1-2], both pleadings being supported by

documentary exhibits attached to the petition. The following is a summary of the allegations contained in those materials.

The Petitioner begins with his April 25, 2000, arrest by state authorities in Hamblen County, Tennessee, for delivery of cocaine. At some point, he was transferred to federal custody to appear on related charges in the United States District Court for the Eastern District of Tennessee. Almost one year later, on April 9, 2001, Otero alleges that he was sentenced in federal court. The attached judgment of conviction in that case, No. 2:00-CR-44-003, indicates that he was sentenced to 8 years and 1 month imprisonment on each of two federal counts, the two sentences to run concurrent. Exhibit B [hereafter, "Ex. ___"]. Two months after the sentencing, on June 11, 2001, he was returned to state custody.

On June 22, 2001, the Petitioner was sentenced in state court. The Judgment of Conviction entered on that date specified that his 15-year sentence was to run concurrently with the sentence imposed in the District Court case. Ex. A. The Petitioner states that he was required to serve 30% of his state sentence, and when he had done so, on June 30, 2004, he was transferred back to the federal authorities for service of the 8-year-and-1-month federal sentence.

According to the Petitioner, the printout of the Bureau of Prisons' first calculation of the term he was obligated to serve contained the date of his commitment to service of the federal sentence as July 20, 2004, and the expiration date, if fully served, as July 29, 2012. Ex. G. The Petitioner immediately began the BOP appeal process, complaining that the calculation was incorrect because he was supposed to get concurrent credit for the time spent

in service of the state sentence. He attaches copies of several of the documents exchanged in that administrative remedy proceeding, Remedy No. 362659.

The Petitioner has not provided a copy of the decision of the BOP's Regional Director, but the National Office's response at the final level of appeal reveals a bit about what happened at that level:

> As you noted at the time you filed your appeal, your request for a *nunc pro tunc* designation was still under consideration. As I am sure you have been informed by institutional staff of the Regional Director's determination to grant a nunc pro tunc designation, we will consider this remedy closed.

Ex. H.

According to the Petitioner, however, the calculation is still not correct. Although his expiration date is no longer July 29, 2012, a recent print-out showing that it is now May 8, 2009 (Ex. F) is not correct. He complains that the expiration date for his sentence should be one year and one month earlier: April 8, 2008.

## DISCUSSION

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'")

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) requires that an inmate first informally present his complaint to the staff, thereby providing it with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, he may file a formal written request to the Warden. If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director. If not satisfied with the Regional Director's response, the inmate may appeal that decision to the Office of General Counsel. *See* §542.15.

Here, the Petitioner claims exhaustion of the BOP administrative remedy process, but the record demonstrates that he exhausted all four steps of that process only with regard to the *nunc pro tunc* designation. As a result, he obtained a 3-year, 3-month earlier expiration date. Having been successful so far, he seeks credit for another segment of time, an unidentified one year and one month, to be taken off the newest calculation. However, he has not exhausted the issue of his entitlement to this time period with the BOP.

In short, the Petitioner complains about the Regional Director's calculation without showing this Court the calculation. And he asserts what he alleges is the correct date without showing his own calculation. Because the petitioner now claims that another BOP calculation date is incorrect, he must undertake the administrative remedies again to create a record in order for this Court to see his and the BOP's positions. As is evident from this proceeding, exhaustion of administrative remedies is needed to prepare an adequate record for the Court. *See Brice v. Day,* 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086

(1980). Only a full administrative record of this issue will enable this Court to determine the proper date in dispute.

## CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Javier Otero's petition for writ of habeas corpus is **DENIED**;

(2) The motion for concurrent credit [Record No. 2] is **DENIED** as moot;

(3) this matter is **DISMISSED**, without prejudice.

This 17th day of November, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge